UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
Newport News Division



JERMAINE BROWN,

Petitioner,

v.	ACTION NO. 4:13cv41
[ORIGINAL CRIMINAL NO. 4:09cr63]

UNITED STATES OF AMERICA,

Respondent.

## MEMORANDUM OPINION AND FINAL ORDER

This matter comes before the court on the Motion under 28 U.S.C. § 2255 to Vacate, Set Aside or Correct Sentence ("Motion") and Memorandum in Support filed by the Petitioner, Jermaine Brown ("Brown") on March 21, 2013.[1] For the reasons set forth below, the court **DENIES** the Petitioner's Motion.[2]

### I. Background

On February 2, 2011, a federal grand jury in the Eastern District of Virginia indicted Brown on six counts of the third

---

[1] Because Brown is a pro se petitioner, the court liberally construes the Motion. See Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir. 1978). The Petitioner filed the Motion subject to defect, which, in accordance with the court's Order Striking Pleadings of March 25, 2013, Petitioner timely corrected on April 1, 2013.

[2] The Motion, files, and records of the case conclusively show that the Petitioner is entitled to no relief. Accordingly, the court will not hold an evidentiary hearing as to these claims. See 28 U.S.C. § 2255; United States v. Baysden, 326 F.2d 629, 631 (4th Cir. 1964).

superseding indictment. The indictment charged Brown with: conspiracy to possess with intent to distribute and conspiracy to distribute cocaine base, cocaine, and marijuana, in violation of 21 U.S.C. §§ 846 and 841(a)(1) (Count 1); possession with intent to distribute cocaine, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(B)(ii) (Count 2); possession with intent to distribute cocaine base, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(A)(iii) (Count 3); distribution of cocaine base, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(B)(iii) (Count 5); and possession of a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1)(A)(i) (Counts 4 and 6).

Brown proceeded to a jury trial, which began on March 29, 2011, and lasted three days. At trial, Brown was represented by his retained attorney, James Bullard. The jury found Brown guilty as to all counts. Mr. Bullard represented Brown at his sentencing hearing, which was held on July 8, 2011. The court sentenced Brown to a term of five hundred forty-eight (548) months, consisting of: one hundred eighty-eight (188) months on Count 1; one hundred eighty-eight (188) months on Count 2, one hundred eighty-eight (188) months on Count 3, and one hundred eighty-eight (188) months on Count 5, all to be served concurrently with Count 1; a term of sixty (60) months on Count 4, to be served consecutively with Count 1; and a term of

three hundred (300) months on Count 6, to be served consecutively with Count 1.

On July 12, 2011, Brown filed a notice of appeal to the United States Court of Appeals for the Fourth Circuit. On appeal, Brown was represented by Angela Whitley. In the appeal, Brown argued that the evidence was insufficient to support his conviction on the firearm charges, and that this court abused its discretion by instructing the jury that the Government was not required to use any specific investigative techniques. On April 5, 2012, the Fourth Circuit affirmed the judgment of this court, finding that "the jury heard sufficient evidence to find Brown guilty of the firearm offense," and that the jury instruction "properly emphasized the Government's burden of proof, but also noted that the Government was not required to prove its case in any particular manner." United States v. Brown, 474 F. App'x 945, 946 (4th Cir. 2012). On April 19, 2012, Brown filed a petition for rehearing en banc, which the Fourth Circuit denied on May 5, 2012. Brown subsequently filed a petition for certiorari in the United State Supreme Court, which was denied on October 1, 2012, at which time the Petitioner's judgment became final. Brown v. United States, 133 S.Ct. 346 (Oct. 1, 2012).

Browns asks the court to vacate, set aside, or correct his sentence, pursuant to 28 U.S.C. § 2255, in the timely instant

Motion stating three grounds in support thereof, each of which the court considers in turn.

## II. Legal Standard

A prisoner may challenge a sentence imposed by a federal court if: 1) the sentence violates the Constitution or laws of the United States; 2) the sentencing court lacked jurisdiction to impose the sentence; 3) the sentence exceeds the statutory maximum; or 4) the sentence "is otherwise subject to collateral attack." 28 U.S.C. § 2255(a). A sentence is "otherwise subject to collateral attack" where the petitioner shows that his sentence was affected by "a fundamental defect which inherently results in a complete miscarriage of justice." United States v. Addonizio, 442 U.S. 178, 185 (1979) (quoting Hill v. United States, 368 U.S. 424, 428 (1962)). In challenging his sentence, the prisoner bears the burden of proving one of the aforementioned grounds by a preponderance of the evidence. See Miller v. United States, 261 F.2d 546, 547 (4th Cir. 1958). If he satisfies that burden, the court may vacate, set aside, or correct his sentence. 28 U.S.C. § 2255(b). However, if the petitioner's motion, when viewed against the record, shows that the petitioner is entitled to no relief, the court should summarily deny the motion. United States v. Yearwood, 863 F.2d 6, 7 (4th Cir. 1988), abrogated on other grounds by Padilla v. Kentucky, 130 S. Ct. 1473 (2010).

## III. Analysis

### Ground One: Pre-trial Ineffective Assistance of Counsel

#### A. Failure to move to suppress firearm and evidence obtained from the search of Gibbs' rental car

Brown alleges that his trial counsel was ineffective for failing to move to suppress Brown's firearm which was found in the vehicle of his co-defendant, Edward Calvin Gibbs ("Gibbs"). To prove ineffective assistance of counsel, a petitioner must show by a preponderance of the evidence that 1) the attorney's performance was deficient, and 2) the attorney's deficient performance prejudiced the petitioner by undermining the reliability of the judgment against him. See Strickland v. Washington, 466 U.S. 668, 687 (1984).

To show deficient performance, counsel's actions or omissions must be measured against what "an objectively reasonable attorney would have done under the circumstances existing at the time of the representation." Savion v. Murray, 82 F.3d 593, 599 (4th Cir. 1996); see also Lawrence v. Branker, 517 F.3d 700, 708-09 (4th Cir. 2008). The court must attempt to "eliminate the distorting effects of hindsight," and instead "indulge a strong presumption that counsel's challenged conduct falls within the wide range of reasonable professional assistance." Strickland, 466 U.S. at 689.

5

To demonstrate prejudice, a petitioner must show "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. at 694. In doing so, he must "demonstrate that the error worked to his 'actual and substantial disadvantage,' not merely that the error created a 'possibility of prejudice.'" Satcher v. Pruett, 126 F.3d 561, 572 (4th Cir. 1997) (quoting Murray v. Carrier, 477 U.S. 478, 494 (1986)). Because a petitioner must satisfy both prongs of the test, a failure to carry the burden of proof as to one prong precludes relief and relieves the court of the duty to consider the other. Strickland, 466 U.S. at 700.

Brown hypothesizes that because the search of Gibbs' vehicle, in which his firearm was found, may not have comported with the Fourth Amendment, the court should "grant an Evidentiary Hearing to ascertain" whether the officers had reasonable suspicion of criminal activity. Mem. Supp. at 11. Brown affirms in the affidavit accompanying his Motion that he requested that his counsel move to suppress the firearm, and that Mr. Bullard declined to do so because "the firearm was legally [Brown's]." Aff. ¶ 10. Irrespective of Brown's stated reasons for Mr. Bullard's failure to file a motion to suppress the firearm, his attorney's performance was in no way deficient. Such a motion was not appropriate because Brown lacks standing to assert an expectation of privacy in Gibbs' vehicle. Rakas v.

6

Illinois, 439 U.S. 128, 134 (1978) ("A person who is aggrieved by an illegal search and seizure only through the introduction of damaging evidence secured by a search of a third person's premises or property has not had any of his Fourth Amendment rights infringed."); see also United States v. Fletcher, 237 F. App'x 805, 807 (4th Cir. 2007) (The defendant "lacked standing to assert an expectation of privacy in the . . . vehicle stopped by police because he did not establish a property or possessory interest in the [vehicle].").

Since Brown fails to make a showing that his attorney's performance was deficient, he fails on the first prong of his ineffective assistance claim. Nor has Brown shown that his attorney's failure to file a motion to suppress the firearm resulted in prejudice. Both failures independently preclude relief. See Strickland, 466 U.S. at 700.

### B. Failure to move to dismiss the indictment for being multiplicious

Brown asserts that his counsel was constitutionally ineffective for failing to move to dismiss the indictment because it charged "a single offense multiple times, in separate counts, where in law and fact only one crime ha[d] been committed." Mem. Supp. at 12. Specifically, Brown claims Count 1, conspiracy to possess with intent to distribute cocaine and cocaine base, is not a distinct criminal act from Counts 2

7

through 6, the drug possession and distribution charges, and possession of a firearm charge. Id. at 13. Brown is incorrect. "It has long been settled that the commission of a substantive offense and a conspiracy to commit it are separate and distinct offenses, each of which Congress may make punishable." United States v. Hall, 342 F.2d 849, 852 (1965) (citing Pinkerton v. United States, 328 U.S. 640, 643 (1946)); see also United States v. Ponder, 522 F.2d 941, 943 (4th Cir. 1975) ("[M]ultiple convictions . . . may properly arise out of a single act or transaction so long as each offense proscribed requires proof of some fact that the other does not.").

Count 1, the conspiracy charge under 28 U.S.C. § 846, is a distinct offense which the jury found, beyond a reasonable doubt, the Petitioner committed, in addition to the cocaine possession and distribution charges, and the firearm offense. In accordance with § 846's mandate, this court sentenced Brown to "the same penalties as those prescribed for the offense[s], the commission of which was the object of the attempt or conspiracy," i.e., one hundred eighty-eight (188) months imprisonment to run concurrently with Counts 2, 3, and 5. 28 U.S.C. § 846. Thus, since Brown fails to make a showing that his attorney's performance was deficient, he fails on the first prong of his ineffective assistance claim. This failure alone precludes relief. See Strickland, 466 U.S. at 700.

### C. Failure to move to dismiss the indictment for vindictive prosecution

Brown additionally claims that his counsel was ineffective for failing to move to dismiss the third superseding indictment for "prosecutorial vindictiveness." Mem. Supp. at 13. Brown first argues that the United States' sole motive for pursuing a third indictment was "to force Brown to cooperate with authorities because they believed that Brown had vital information that would aid in their investigation." Id. at 14. As stated in this court's previous Order denying Brown's request for the transcripts of the grand jury proceedings, this conduct fails to rise to the level of constitutionally prohibited prosecutorial vindictiveness. See Order, Apr. 4, 2013, ECF No. 396.

Vindictive prosecution amounts to "punish[ing] [the defendant] for exercising a protected statutory or constitutional right." United States v. Goodwin, 457 U.S. 368, 372 (1982). To establish the claim, a defendant must prove "that (1) the prosecutor acted with genuine animus toward the defendant and (2) the defendant would not have been prosecuted but for that animus." United States v. Wilson, 262 F.3d 305, 314 (4th Cir. 2001). In the context of a claim of pretrial prosecutorial vindictiveness, "a defendant must show that a prosecutor's decision to bring more severe charges against him

was motivated by actual vindictiveness." United States v. Williams, 47 F.3d 658, 662 (4th Cir. 1995) (citing United States v. Goodwin, 457 U.S. 368, 382 (1982)). Brown has not made this substantial showing as he has offered no evidence of "actual vindictiveness." Id.

Moreover, regarding Brown's claim that the third superseding indictment was motivated by his failure to cooperate with authorities, the Fourth Circuit has specifically held that "[a]lthough a defendant has the right not to cooperate, a prosecutor may pressure a defendant to waive that right by threatening a more severe indictment." Id. A prosecutor is not locked into the charges set forth in an initial indictment, Goodwin, 457 U.S. at 382, and "a court should not presume vindictiveness where a prosecutor decides to bring more severe charges against a defendant who has refused to cooperate, even if the prosecutor is carrying out a threat made in plea negotiations." Williams, 47 F.3d at 662-63 (citing Goodwin, 457 U.S. at 381-82). Thus, given the absence of any evidence of actual vindictiveness, Brown's argument that his attorney's performance was deficient is unavailing.[3]

---

[3] Brown also makes various unsupported claims regarding the legality of the grand jury proceedings and the potential existence of Brady material therein: "Brown now requests that the Government provide . . . substantiated proof such as the Grand Jury transcripts that the Third Superceding [sic] Indictment was lawfully obtained through a Grand Jury

10

## Ground Two: Defense Counsel's Failure to Challenge Prosecutorial Misconduct During Trial

Brown alleges that his counsel was ineffective at trial for (1) failing to object to the Government's use of the perjured testimony of informants; and (2) failing to object to the Government's "bolstering [of] the credibility of Government witnesses." Mot. at 6. Brown's argument centers on the prosecutor's introduction into evidence of the witnesses' plea agreements, in which the witnesses agreed "to testify truthfully" at Brown's trial. Mem. Supp. at 18. Brown argues that calling the jury's attention to this provision on testifying truthfully amounted to improper "vouching and/or bolstering the credibility" of the "majority of [the] Government witnesses," although he fails to identify specifically to which witnesses his claim applies. Id.

Vouching "generally occurs when the prosecutor's actions are such that a jury could reasonably believe that the prosecutor was indicating a personal belief in the credibility of the witness." United States v. Lewis, 10 F.3d 1086, 1089 (4th Cir. 1993). However, as the Fourth Circuit has explained, "there is no error in permitting the Government to elicit, during direct examination, details of a plea agreement containing a

---

proceeding." Mem. Supp. at 16. The Government bears no such burden to establish the propriety of the grand jury proceedings at this time, nor has Brown made an adequate showing of need for the transcripts. See Order, Apr. 4, 2013, ECF No. 396.

witness's promises to be truthful." United States v. Campbell, 347 F. App'x 923, 930 (4th Cir. 2009) (citing United States v. Henderson, 717 F.2d 135, 138 (4th Cir. 1983)). This is exactly what occurred at Brown's trial. See e.g., Trial Tr. at 5-6, 86-87, 154-55, 190, 228-29. Thus, the prosecutor's conduct falls far short of vouching or improper bolstering, and Brown fails to make a showing that his attorney's performance was deficient. As he fails on the first prong of his ineffective assistance claim, no relief is warranted. See Strickland, 466 U.S. at 700.

Brown further alleges that "[i]t is very likely that [he] could have been convicted on Counts Two through Six on perjured testimony that was given in exchange for a substantial sentence reduction." Mem. Supp. at 19. He claims the prosecutor committed misconduct because he could not "verify the truthfullness [sic] of any of the testimony provided by" Vassar Cokely and co-defendants Calvin Veney and Ikar Ross. Brown's unsupported speculation is not enough to show prosecutorial misconduct or any deficiency on the part of his counsel.[4] His counsel engaged in rigorous cross-examination of all three witnesses,

---

[4] Brown filed an affidavit accompanying his petition in which he asserts he never sold Vassar Cokely crack cocaine or showed him his firearm, in contradiction with Cokely's testimony otherwise. Aff. ¶ 18. Brown had a full and fair opportunity to confront Cokely on cross-examination, and the court will not at this juncture second guess the weight the jury may have afforded Cokely's testimony. See infra at Ground Two and Ground Three, Part C.

specifically focusing on the veracity of their testimony and any benefit in sentence reduction they may have received or hope to receive from testifying against Brown. See Trial Tr. at 179-80 (Ross), 200-02 (Cokely), 249-50 (Veney).[5] Thus, the court detects no deficiency whatsoever. Since Brown fails to make a showing that his attorney's performance was deficient, he fails on the first prong of his ineffective assistance claim. This failure alone precludes relief. See Strickland, 466 U.S. at 700.

**Ground Three: Ineffective Assistance of Counsel as to Jury Instructions**

A. Failure to have the jury instructed on a theory of multiple conspiracies

Brown argues next that his counsel should have proposed jury instructions on multiple conspiracies because "there is no doubt that the evidence established during Trial clearly demonstrated the existence of three different and distinct conspiracies." Mem. Supp. at 22. Brown contends that the "jury verdict is inconclusive as to which conspiracy it found Brown guilty of," and that failure to request jury instructions on separate conspiracies amounts to constitutionally ineffective assistance of counsel. Id. at 23.

---

[5] Moreover, at defense counsel's request the court instructed the jury on the issue of the potential for self-interested testimony from informants and alleged accomplices. See Trial Tr. at 358-59; infra at Ground Three, Part C.

13

"A court need only instruct on multiple conspiracies if such an instruction is supported by the facts." United States v. Mills, 995 F.2d 480, 485 (4th Cir. 1993). "A single conspiracy exists when there is an agreement to engage in one overall venture to deal in drugs." United States v. Bowens, 224 F.3d 302, 307 (4th Cir. 2000) (citing United States v. Leavis, 853 F.2d 215, 218 (4th Cir. 1988)). Additionally, "'[a] single overall agreement need not be manifested by continuous activity.'" Leavis, 853 F.2d at 218 (quoting United States v. Bloch, 696 F.2d 1213, 1215 (9th Cir. 1982)). If the key actors, methods, and goals are the same, there is a single conspiracy. See id. (citing United States v. Crockett, 813 F.2d 1310, 1316-17 (4th Cir. 1987)).

Brown's argument that there were three separate conspiracies is unconvincing. The commonality of the actors, methods--despite some changes in supply and locations of operations--and goals supports that there was "an agreement to engage in one overall venture to deal in drugs" in the Hampton Roads area in 2008 and 2009. Bowens, 224 F.3d at 307. Thus, Brown has made no showing that his attorney's performance was deficient by not requesting a jury instruction on multiple conspiracies. Here, such an instruction would not have been appropriate. See United States v. Dickerson, 27 F. App'x 236, 243 (4th Cir. 2001) ("The district court is given wide latitude

14

in formulating its jury instructions, and, to the extent the instructions accurately state the controlling law, they will be upheld.") (citing United States v. Hassouneh, 199 F.3d 175, 181 (4th Cir. 2000)).[6] Therefore, since Brown fails to make a showing of deficiency, he fails on this ineffective assistance claim. See Strickland, 466 U.S. at 700.

### B. Failure to request adequate instruction on the "in furtherance" prong of 18 U.S.C. § 924(c)

Brown yet again attacks his convictions for possession of a firearm in furtherance of a drug trafficking offense, this time alleging his attorney failed to request the appropriate jury instruction on the "in furtherance" prong of 18 U.S.C. § 924(c).[7]

---

[6] Even assuming there were multiple conspiracies, Brown's counsel's failure to request such a jury instruction would fail to approach the threshold of constitutionally ineffective counsel because the "general rule is that when a jury returns a guilty verdict on an indictment charging several acts in the conjunctive . . . the verdict stands if the evidence is sufficient with respect to any one of the acts charged." Turner v. United States, 396 U.S. 398, 420 (1970). It is impossible to fathom how, in the context of the overwhelming evidence before the jury, an instruction on a single conspiracy rather than multiple conspiracies could have "worked to [Brown's] 'actual and substantial disadvantage,' not merely that the error created a 'possibility of prejudice.'" Satcher v. Pruett, 126 F.3d 561, 572 (4th Cir. 1997) (quoting Murray v. Carrier, 477 U.S. 478, 494 (1986)).

[7] As discussed supra at 3, on appeal, Brown unsuccessfully argued that the evidence was insufficient to support the jury verdict on the firearm charges. See United States v. Brown, 474 F. App'x 945 (4th Cir. 2012). The Fourth Circuit conducted a full review of the record and concluded that "the jury heard sufficient evidence to find Brown guilty of the firearm offenses." Id. at 946.

Brown appears to be unaware that his attorney <u>did</u> request an instruction that there must be a "specific nexus between the firearm and the alleged drug trafficking offense." Mem. Supp. at 24; <u>see</u> Defense's Proposed Jury Instruction No. 1, Mar. 28, 2011, ECF No. 331.

Moreover, as Brown himself cites in his Memorandum in Support, the court instructed the jury with almost identical language to the Defense's proposed instruction. <u>See</u> Mem. Supp. at 24. There was no error in the jury instruction, which went beyond merely reciting the statutory language of 18 U.S.C. § 924(c), to further define "in furtherance of drug trafficking" to mean "the possession of the firearm furthered, advanced, or helped forward <u>a drug trafficking crime</u>." Mem. Supp. at 24 (emphasis added); <u>see also</u> <u>United States v. Robinson</u>, 627 F.3d 941, 955 (4th Cir. 2010); <u>United States v. Muse</u>, 83 F.3d 672, 677 (4th Cir. 1996) ("[J]ury instructions must be viewed in their entirety and in context."). It is difficult to contemplate a more clear instruction that a nexus between the firearm and the offense is necessary for a finding of guilt. Since Brown fails to make a showing that his attorney's performance was deficient, he fails on the first prong of his ineffective assistance claim. This failure alone precludes relief. <u>See</u> <u>Strickland</u>, 466 U.S. at 700.

## C. Failure to request special jury instruction on the credibility of the informants

Brown's final claim is that his counsel failed to request "an explicit instruction on the potential for the incentive for the Government informant to lie or fabricate their testimony for their own benefit." Mem. Supp. at 27. Not only did Brown's counsel request a cooperating witness instruction, Defense's Proposed Jury Instruction No. 3, but the court in fact instructed the jury on both informant and alleged accomplice testimony. See e.g., Trial Tr. at 358-59 ("The testimony of an informant, someone who provides evidence against someone else for money, or to escape punishment for his or her own misdeeds or crimes, or for other personal reason or advantage, must be examined and weighed by the jury with greater care than the testimony of witnesses . . . not so motivated."). Any further specificity of the instruction on this issue was neither warranted nor appropriate. Thus, Brown fails to make a showing that his attorney's performance was deficient, and this failure precludes relief. See Strickland, 466 U.S. at 700.

## IV. CONCLUSION

The Petitioner's motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255 is **DENIED**.

The Petitioner is **ADVISED** that he may appeal from this Memorandum Opinion and Final Order by forwarding, within sixty

17

(60) days of this Memorandum Opinion and Final Order, a written notice of appeal to the Clerk of the United States District Court, 2400 West Avenue, Newport News, Virginia, 23607. The court declines to issue a certificate of appealability for the reasons stated herein. The Clerk is **DIRECTED** to send a copy of this Memorandum Opinion and Final Order to the Petitioner; to James Bullard, the Petitioner's trial counsel; to Angela Whitley, the Petitioner's appellate counsel; and to the United States Attorney at Newport News.

**IT IS SO ORDERED.**

/s/
Rebecca Beach Smith
Chief
United States District Judge

REBECCA BEACH SMITH
CHIEF UNITED STATES DISTRICT JUDGE

May 2, 2013